By the Court.
 

 The single issue in this case is whether the charter city of Akron may, by a majority vote of all the members .of the council, amend a zoning ordinance, notwithstanding the fact that the city planning commission has failed and refused
 
 *270
 
 to approve such amendment, and the further fact that the zoning ordinance itself provides that it can only be amended by a three-fourths vote when the proposed amendment has not been approved and concurred in by the city planning commission.
 

 The charter is an authority superior to an ordinance in a charter city, and the council cannot, by ordinance, divest itself of power conferred upon it by the charter. If it could do so in a single instance, then manifestly it could, by a general ordinance, divest itself of all power conferred by the charter, and thereby render the charter practically inoperative.
 

 The charter limits, governs, and controls the council very much the same as the Constitution limits, governs, and controls the General Assembly.
 

 Zoning regulations are police or sanitary. Under the provisions of Section 3, Article XVIII, of the Constitution, municipalities may adopt local police or sanitary regulations if “not in conflict with general laws.” But the provisions of the Akron charter are not in conflict with state law; for Section 4366-12, General Code, yields unrestricted powers to municipalities in respect to zoning, if such powers are granted by the municipal charter.
 

 We have no difficulty at all in reaching the conclusion that Sections 32 and 34 of the Akron Charter confer upon the council full and complete power to enact and amend any zoning ordinance by a majority vote of all the members of the council. The trial and appellate courts reached like conclusions, and the judgments of those courts will be affirmed.
 

 Judgments affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.