Matthias, J.
 

 Two questions are presented by this record: (1) Can the salary of a city official be increased or diminished during the period between his election to such office and the commencement of the term for which he was elected? (2) Is the ordinance in question in this ease valid and does it operate to reduce the salary of the relator ?
 

 If not precluded by constitutional or statutory inhibition, the compensation of officers may be changed during their term of office. 46 Corpus Juris, 1020. Practically the same language is employed in Section 4213, General Code, limiting the'power to increase or diminish salaries of municipal officers, as is employed in constitutional provisions (Article II, Section 20, and Article IV, Section 14) respecting changes in the salaries of constitutional officers.
 

 Section 4213, General Code, provides as follows: “The salary of any officer, clerk or employe shall not be increased or diminished during the term for which he was elected or appointed, and, except as otherwise provided in this title, all fees pertaining to any office shall be paid into the city treasury.” This language
 
 *499
 
 is plain and unambiguous. It requires no interpretation. No other or additional words are required to make clear the meaning, application and effect of the terms employed. The only inhibition is upon any change of salary during the term. Such changes can effect only the term beginning subsequent to the effective date of the ordinance. Applying the statute to the situation here presented, the city council was precluded from increasing or diminishing relator’s salary during the term for which he was elected. That term began January 1, 1932. It follows that if the ordinance in question was duly and legally enacted and became operative prior to that date the reduction in salary became effective as to the relator. Cases cited which rest upon constitutional or statutory provisions precluding salary changes subsequent to election can have no application to the issue here presented.
 

 This brings us to the question, the answer to which is decisive of the case, and that is whether this ordinance went into effect prior to January 1,1932. It did provided it was properly enacted as an emergency ordinance. The statute relative to emergency ordinances is Section 4227-3, General Code, the provisions thereof applicable here are as follows: “Ordinances or other measures providing for appropriations for the current expenses of any municipal corporation, or for street improvements petitioned for by the owners of a majority of the feet front of the property benefited and to be especially assessed for the cost thereof as provided by statute, and emergency ordinances or measures necessary for the immediate preservation of the public peace, health or safety in such municipal corporation, shall go into immediate effect. Such emergency ordinances or measures must, upon a yea and nay vote, receive the vote of two-thirds of all the members elected to the council or other body corresponding
 
 to the
 
 council of such municipal corporation, and the reasons for such necessity shall be set forth
 
 *500
 
 in one section of the ordinance or other measure. The provisions of this act shall apply to pending legislation providing for any public improvement.”
 

 It is to be observed that the language of this statute is substantially the same as that of Section Id, of Article II, of the State Constitution, governing the action of the Legislature relative to emergency measures. In each instance it is provided that the reasons for such necessity shall be set forth separately from the other provisions, must receive a two-thirds vote, and “shall go into immediate effect.”
 

 Laws and ordinances may ordinarily be enacted by a majority, but to declare an emergency and the necessity for the legislation to meet it a two-thirds vote is required. The statute in the language employed follows the constitutional provision, except wherein the latter provides further that such laws “shall not be subject to the referendum,” which however only serves to emphasize the requirement that such measure when so passed “shall go into immediate effect.”
 

 The question of the emergency character of such measures was to be determined by the legislative body in each instance. The safeguard deemed proper was prescribed in the requirement that the emergency be stated and supported by a two-thirds vote. It is a legislative and not a judicial question. The measure when so passed goes into effect immediately; not at the end of litigation brought to secure a court review of the correctness of the declaration of emergency and necessity made by the legislative body. That duty and that responsibility was conferred upon and confided to the legislative branch of the government. No fraud in its exercise is charged. It would be nothing short of judicial usurpation for courts to assume to review a question so clearly and conclusively committed to the legislative tribunal. Government functions best when the various branches, executive, legis
 
 *501
 
 lative and judicial, perform the duties and discharge the responsibilities committed to them respectively.
 

 In our opinion the municipal council fully complied with the requirements of the statute governing the enactment of emergency legislation, and therefore the salary ordinance in question became effective prior to the date of the beginning of the term of the relator as mayor. It follows that relator is not entitled to the writ.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Allen, Stephenson and Jones, JJ., concur.
 

 Kinkade, J., not participating.