THE STATE, EX REL. JOHNS, *v.* BRUSS, DIR.

(No. 1318—Decided March 16, 1955.)

*Mr. Russell G. Mock,* for relator.
*Mr. W. Leo Keating,* city solicitor, for respondent.

GRIFFITH, J. Relator, a sergeant on the police force of the city of Warren, on June 4, 1954, filed a petition in mandamus in this court praying that the Director of Public Safety and Service be compelled to appoint him to the rank of captain of the Police Department of the City of Warren, in accordance with Section 143.34, Revised Code.

The issues were joined by answer. Depositions of various witnesses were taken on behalf of respondent and relator. The controlling facts of this case are:

On May 5, 1953, ordinance No. 4392 was in force requiring three police captains. There was a vacancy thereafter existing in the rank of captain. The director of safety requested the civil service commission to hold a promotional examination. On October 29, 1953, an examination was held. On November 19, 1953, the relator, having received the highest grade, was certified to the director for promotion to the rank of captain. On December 16, 1953, ordinance No. 4511 was passed, section 5 of which ordinance reads:

"For the reason that it is necessary to pass this ordinance immediately and for the preservation of the public peace, health and safety this ordinance is hereby declared to be an emergency measure and shall take effect not earlier than January 1, 1954."

This ordinance re-established two captaincies, both of which positions were then filled. The director failed to appoint relator within thirty days from the date of such certification. The thirty-day period terminated at midnight on December 19, 1953.

If ordinance No. 4511, passed on December 16, 1953, was a legally adopted emergency ordinance then the respondent must prevail because he had until midnight of December 19, 1953, to make the appointment and, by the provisions of this ordinance, no vacancy existed on the 19th, 18th, or 17th of December, 1953.

So the question immediately arises, was the prescribed procedure for the enactment of this ordinance as an emergency measure followed?

This was not an emergency enactment for two reasons. First, it was passed on December 16, 1953, and by its very terms it "shall take effect not earlier than January 1, 1954." Section 731.30, Revised Code, provides that emergency ordinances shall go into immediate effect.

The provision embodied in the ordinance which represents the intent of the members of council is incompatible with the effective date of an emergency ordinance. Not taking effect immediately, it could not be an emergency ordinance even though it stated in the ordinance, "for the reason that it is necessary to pass this ordinance immediately and for the preservation of the public peace, health and safety this ordinance is hereby declared to be an emergency measure."

Second, Section 731.30, Revised Code, provides that emergency ordinances must state the reasons for such necessity in one section of the ordinance.

The Supreme Court in the case of *City of Youngstown* v. *Aiello,* 156 Ohio St., 32, 100 N. E. (2d), 62, stated on page 36:

"This court has heretofore specifically held that where a legislative measure, passed either by the General Assembly of the state or by the council of a municipality, is declared to be an emergency measure necessary for the preservation of the public peace, health or safety and sets forth the reasons for the immediate necessity thereof, such determination is not reviewable by the courts, the duty and responsibility of such determination having been confided to the legislative branch of the government. *State, ex rel. Durbin,* v. *Smith, Secy. of State,* 102 Ohio St., 591, 133 N. E., 457; *Holcomb, Aud.,* v. *State, ex rel. Coxey,* 126 Ohio St., 496, 186 N. E., 99; *State, ex rel. Schorr,* v. *Kennedy, Secy. of State,* 132 Ohio St., 510, 9 N. E. (2d), 278, 110 A. L. R., 1428; and *State, ex rel. City of Fostoria,* v. *King,* 154 Ohio St., 213, 94 N. E. (2d), 697.

"However, it is essential to the validity of such measures as emergency measures that the mandatory requirements specified be adhered to and followed, among which is that 'the reasons for such necessity shall be set forth in one section of the

ordinance or other measure.' Although the finding of the emergency character of the proposed legislation and the determination of the legislative body as to the necessity that such legislation go into immediate effect and the reasons announced therefor are not subject to review by the courts, it is mandatory that the legislative body must consider, determine and announce the reasons for such necessity and that the same be set forth in one section of the ordinance or other measure.

"In the respect indicated, the requirement of the statute essential to the enactment of this ordinance as an emergency measure, permitting it to go into immediate effect, was not followed. It, therefore, lacked validity as an emergency enactment."

This court, on June 4, 1937, passed upon this very question in the case of *Goodman* v. *City of Youngstown*, 24 Ohio Law Abs., 696, wherein, on page 702, Nichols, J., in his opinion, stated:

"It is not questioned that the ordinance received the vote of two-thirds of all the members elected to the council upon a yea and nay vote. The ordinance states the conclusion that it is necessary for the preservation of the public peace, health and safety, but the ordinance does not state that it is necessary for the 'immediate' preservation of the public peace, health or safety in such municipal corporation. However, it may be assumed that the *immediate* necessity therefor may be implied from the provision that the ordinance is declared to be an emergency measure and that it shall take effect upon its passage and approval of the mayor. But we do not find any separate section of the ordinance which states the reasons for such necessity. The language of the statutes specifically requires that the reasons for such necessity shall be set forth in one section of the ordinance. The mere statement that the ordinance is necessary for the preservation of the public peace, health and safety is but a conclusion of the council, without the statement of any reason therefor."

Since the provision of the ordinance postponed its effective date until January 1, 1954, and since it did not set forth in one section thereof the reasons for the necessity, it follows that it lacked validity as an emergency enactment. Was it a regular

ordinance? The question is concisely answered by Judge Matthias on page 37 in the case of *City of Youngstown* v. *Aiello, supra,* wherein he said:

"It is to be observed, however, that such ordinance was enacted March 7, 1928, and that there was no challenge of its validity as an emergency measure by a referendum proceeding or otherwise. Except in the respect essential to its going into effect as an emergency ordinance it was validly enacted. The city's charter requires that all ordinances of the city shall be published. In the absence of any evidence to the contrary it is proper to assume that such provision was complied with and that the ordinance was duly published and in due time became effective as a valid ordinance of the city of Youngstown."

We hold that this was a valid ordinance effective 30 days after its filing with the mayor. Section 731.29, Revised Code.

There was a vacancy from May 3, 1953, to January 16, 1954, the date of the effectiveness of the repealing ordinance. There was a specific and positive duty imposed by law upon the director to appoint the relator within thirty days from November 19, 1953, the date of his certification, and there has been a plain breach of duty on his part in failing to do so.

This court will not entertain jurisdiction to determine an empty or technical right, or a moot question unattended by any substantial benefit to the relator. The case before us is not moot for the reason that if the writ is allowed it would mean a financial benefit to the relator and would establish the relator's status in the police department.

This court will take into consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ. *State, ex rel. Apple,* v. *Pence, et al., Board of Education of Shelby County School District,* 137 Ohio St., 569, 31 N. E. (2d), 841.

Nothing has occurred since December 19, 1953, which renders it impossible for this court to grant this relator effectual relief in the way of declaring his status and in determining the question of whether he is entitled to the emoluments of the office of captaincy from December 19, 1953, to January 16, 1954.

The writ will issue to the respondent to cause him to appoint the relator to the rank of captain of the Police Depart-

ment of the City of Warren, as of December 19, 1953, the term of the captaincy to continue until January 16, 1954, the effective date of ordinance No. 4511, and for all the emoluments of such office for that period of time.

*Writ allowed.*

Phillips, P. J., and Nichols, J., concur.