Zimmerman, J.
The controlling issue in this case is whether emergency Ordinance No. 618-60 is a valid enactment and, if so, whether it is operative to prevent the Board of Zoning Adjustment from granting relator the relief it asks.
Relator, in claiming the right to a writ of mandamus, makes the following contentions:
1. Ordinance No. 618-60 may not be used retroactively to destroy the vested property right relator had under Section 3309.06 (b) and which section it invoked prior to passage of Ordinance No. 618-60.
2. Ordinance No. 618-60 was not adopted in accordance with the requirements of the Columbus City Charter and ordinances.
3. The variance granted by the Board of Zoning Adjustment was valid notwithstanding Ordinance No. 618-60 which purported to amend Section 3309.06.
4. The appellate jurisdiction of the Board of Zoning Adjustment was not removed in the respect here involved by Ordinance No. 618-60 when considered in connection with other ordinances, and, when the board properly granted the variance, the Superintendent of Building Regulations was required to issue the building permit demanded by relator.
Section 3309.06 of the Columbus City Codes, prior to amendment, relates to variances which may be granted by the Board of Zoning Adjustment upon prescribed conditions, and under subdivision (b) of such section the board is permitted to allow a variance “in a residential or an apartment residential district the location on any lot having an area of not less than five acres or bounded on at least three sides by streets not less than fifty feet in width, of any use authorized in a commercial district, provided such use in such location is so conditioned as to adequately safeguard the appropriate use of neighboring property.”
Ordinance No. 618-60 is as follows:
“To amend Section 3309.06 of the Columbus City Codes, *340 1959; to amend said existing section; and to declare an emergency.
“Whereas, an emergency exists in the usual daily operation of the Board of Zoning Adjustment in that it is immediately necessary to delimit the powers of the board so as to prevent conflicts in the application of the zoning code and provide for the immediate preservation of the public peace, health, safety and welfare; now, therefore,
“Be it ordained by the Council of the City of Columbus:
“Section 1. That Section 3309.06 of the Columbus City Codes, 1959, be and the same is hereby amended to read as follows:
“ ‘3309.06 Variances and Exceptions.
‘ ‘ ‘ The Board of Zoning Adjustment shall have power:
“ ‘ (a) To authorize, upon appeal, variances from the zoning code where there are special physical conditions which: (1) are due to exceptional narrowness, shallowness, shape, topographic condition or other extraordinary situation peculiar to the premises itself, and (2) differentiate the premises from other premises in the district and general area, and (3) prevent a reasonable return in service, use or income as compared to other conforming premises in the same district. Any such variance must be necessary to preserve a substantial property right, the hindrance of which resulted from the zoning code, must be in harmony with the public interest, and must be consistent with the purposes and objectives of the zoning code.
“ ‘Nothing herein shall be construed as authorising the board to effect changes in the soning map, or to add to the uses permitted in any district.
i Í 6 # * * >
“Section 2. That existing Section 3309.06 of the Columbus City Codes, 1959, be and the same is hereby repealed.
“Section 3. That for the reasons stated in the preamble hereto, which is hereby made a part hereof, this ordinance is hereby declared to be an emergency measure and shall take effect and be in force from and after its passage and approval by the Mayor and shall affect all pending and subsequent proceedings of the Board of Zoning Adjustment.” (Emphasis added.)
*341 The city of Columbus is a charter city, having adopted a comprehensive charter for its government by authorization of Section 7, Article XVIII of the Constitution of Ohio.
Section 3 of the charter vests the legislative powers in a city council, and Section 18 provides that ‘ ‘ the action of council shall be by ordinance or resolution.” Sections 18 through 25 of the charter detail the procedure to be followed in the adoption of ordinances. Section 22 provides for emergency measures “for the immediate preservation of the public peace, property, health or safety.”
Unless otherwise provided by the charter itself, a municipality which has adopted a comprehensive charter is governed by the terms of the charter, and statutory provisions relating to subjects covered by the charter are inapplicable. Sections 701.05 and 713.14, Revised Code. See Bauman v. State, ex rel. Underwood, Director of Law, 122 Ohio St., 269, 171 N. E., 336. Compare State, ex rel. Fairmount Center Co., v. Arnold, Dir., 138 Ohio St., 259, 34 N. E. (2d), 777, 136 A. L. R., 840. The Columbus City Charter prescribes legislative procedure and speaks in detail on the subject of zoning.
It can hardly be said that relator with respect to its 7.3-acre tract had any vested property rights in the procedure governing the Board of Zoning Adjustment as contained in Section 3309.06 enacted in 1959. Those 7.3 acres were in a zone designated as SR (a suburban residential district), and until the board authorizedly granted a variance relator had no right to use its 7.3 acres in any other way than as an SR development.
Ordinance No. 618-60 relates to the remedy of a variance from the established zoning code and by its terms changes that remedy. Section 3 thereof expressly states that it ‘ ‘ shall affect all pending and subsequent proceedings of the Board of Zoning Adjustment.” And the ordinance went into effect as an emergency measure before the board acted on relator’s application for a variance. In practical effect, relator was asking the board to rezone its 7.3 acres from residential to commercial use, and this the board was without power to do under the legislation controlling its activities.
There can be no question that Ordinance No. 618-60 re *342 stricted the authority of the board in granting variances except in the precise respects delineated in the ordinance, and the board was definitely denied the right “to effect changes in the zoning map, or to add to the uses permitted in any district. ’ ’
Certainly, Section 3309.06, as amended by Ordinance No. 618-60, controls the authority of the board with respect to the granting of variances. Neither that ordinance, nor any other, permits the board to rezone property.
It is well established that legislation affecting a remedy may apply to a pending proceeding, where the legislation so provides. Section 1.20, Revised Code, and Smith v. New York Central Rd. Co., 122 Ohio St., 45, 170 N. E., 637. And, it is equally true that the existence of an emergency with respect to the enactment of statutes or ordinances is a matter for the determination of the legislative body and is something with which the judicial branch of government may not interfere. Holcomb, Aud., v. State, ex rel. Coxey, 126 Ohio St., 496, 186 N. E., 99; and State, ex rel. Schorr, v. Kennedy, Secy, of State, 132 Ohio St., 510, 9 N. E. (2d), 278, 110 A. L. R., 1428.
The Council of the City of Columbus possesses powers superior to those of the Board of Zoning Adjustment, and within the terms of the Columbus charter it was in the lawful exercise of its prerogatives in enacting the legislation which tied the hands of the board in reference to allowing relator to use its 7.3 acres for commercial purposes.
We realize relator’s dilemma, but its 7.3 acres were and are in an SR zoning district, and the Council of the City of Columbus in enacting Ordinance No. 618-60 keeps those 7.3 acres in that classification.
Relator has not shown a clear legal right to the issuance of a writ of mandamus against the respondents, and the writ is, therefore, denied.

Writ denied.

Matthias, O’Neill and Griffith, JJ., concur.
Herbert and Gibson, JJ., dissent.
Taft, C. J., not participating.