### Shirokey v. Marth
*[Cite as 5 AOA 150]*

*Case No. 57267, 57412*
*Cuyahoga County, (8th)*
*Decided July 19, 1990*

*Mary E. Papcke, John M. Bostwick, Jr., Attorneys at Law, 13317 Madison Avenue, Lakewood, Ohio 44107, for Plaintiff-Appellee.*

*John H. Gibbon, Law Director, City of Cleveland Heights, 40 Severance Circle, Cleveland Heights, Ohio 44118, for Defendant-Appellants.*

WALKER, J.

Defendant-appellants, Robert Marth, et al, timely appeal the trial court's granting of summary judgment in favor of plaintiff-appellee/cross-appellant, Joseph Shirokey, on his 42 U.S.C. Sec. 1983 action. For the following reasons, we affirm the decision of the trial court.

Appellee Joseph Shirokey is employed as a firefighter by appellant City of Cleveland Heights (hereinafter "the City") and is a classified civil service employee. On June 23, 1984, appellee took a written examination given by the City for promotion to thee position of Fire Lieutenant. Appellee placed fourth on the eligibility list for promotion, which was certified by the City's Civil Service Commission on July 13, 1984.

On September 26, 1984, a vacancy existed in the Division of Fire for the position of Lieutenant. The City Manager is the appointing authority for the City pursuant to Article IV, Section 3 of the City's charter. Pursuant to Rule IV, Section 10(i) of the Civil Service Commission, referred to as the "one of three" rule, the City Manager requested the City Civil Service Commission to certify to him the three highest names on the eligibility list.

The "one of three" rule has been used in the City since 1936. Appellee was not certified because he was fourth on the list.

On September 29, 1984, another vacancy existed, and the Civil Service Commission certified the three highest names on the eligibility list. Appellee was on the list, but not appointed to the vacancy.

On October 2, 1984, a third vacancy existed in the rank of Lieutenant. Appellee's name was certified, but he was not appointed to the vacancy.

Pursuant to Rule IV, Section 10(i), "no name shall be certified more than twice to the same Appointing Authority for promotion from an eligibility list except on the written request of such Authority." Appellee, having been certified twice, was not certified for consideration a third time.

Subsequent to October 2, 1984, six more vacancies occurred, but appellee was not promoted. Of the nine total firefighters promoted to Lieutenant, seven were appointed on October 29, 1984, in order of numbers 1-3 and 5-8 on the eligibility list. Appellee, who was ranked fourth on the list, was passed over for promotion.

Appellee filed a complaint on August 1, 1985 against the City and various officials of the City, alleging a claim of entitlement to promotion under 42 U.S.C. Sec. 1983. Concurrently, appellee filed a writ of mandamus with the Eighth District Court of Appeals on August 20, 1985. The court of appeals dismissed the mandamus action, without opinion, upon motion of appellants on December 10, 1985. Appellee filed a motion for partial summary judgment on his Sec. 1983 claim on June 30, 1988.

Appellants filed a cross-motion for summary judgment. The trial court granted appellee's motion for partial summary judgment and denied appellants' cross-motion for summary judgment

on October 27, 1988. The trial court's order stated:

"Plaintiff's motion for partial summary judgment is granted as to finding that the city's civil service commission's rules and regulations were not properly adopted in accord with the charter; and on 1983 claim. Plaintiff's motion is granted relative to attorney fees, back pay, and Seniority. Damage hearing will be set."

A judgment entry was issued on December 29, 1988, stating, in part, that "1.) The plaintiff is entitled to be appointed to the Office of (Lieutenant) Lt. . . . as of October 29, 1984."

A damage hearing was held on January 3, 1989, and the trial court entered final judgment on the previous judge's orders and ordered appellee's seniority as Lieutenant to commence as of October 29, 1984; ordered compensatory damages in the amount of $15,309.18 plus interest thereon in the amount of $6,687.92; and ordered litigation expenses, attorney's fees and court costs. The trial court subsequently reduced the interest award to $3,513.09.

Appellant/City now timely appeals the final judgment, and appellee cross-appeals.

ASSIGNMENT OF ERROR I.

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR PLAINTIFF-APPELLEE ON HIS 42 U.S.C. SEC. 1983 CLAIM BECAUSE THERE WAS NO CONSTITUTIONAL DEPRIVATION AS APPELLEE POSSESSES NO PROPERTY OR LIBERTY INTEREST IN A JOB PROMOTION AND HE HAS ADEQUATE STATE REMEDIES.

Appellant argues the trial court erred in granting summary judgment for appellee on his 42 U.S.C. Sec. 1983 claim because Appellee has no constitutionally-protected liberty or property interest in being promoted and has adequate state remedies.

The threshold issue in any 42 U.S.C. Sec. 1983 action is whether the two essential elements of a Sec. 1983 action are present:

"(1) whether the conduct complained of was committed by a person acting under color of state law; and

"(2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor* (1981), 451 U.S. 527, 536.

In *Board of Regents v. Roth* (1972), 408 U.S. 564, 577, the United States Supreme Court stated:

"To have a property interest in a benefit, a person must have a legitimate claim of entitle-

ment to it ***. Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law - rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."

We need not address the first element of a Sec. 1983 action because the City concedes that the city manager's action of appointing others than appellee from the eligibility list was "conduct . . . committed by a person acting under color of State law."

As to the second element, appellee argues and the trial court agrees, that he has a constitutionally-protected property interest in being promoted under state civil service statutes, which statutes control here since the City's Civil Service Commission's rules were not adopted in accord with the City Charter. We also agree with appellee that the state statutes control and create his entitlement and, thus, his property interest in being promoted.

It has been held that the municipal charter is basically the constitution of the municipality. *Cleveland, ex rel. Neelon v. Locher* (1971), 25 Ohio St. 2d 49, 51.

Article XII, Sec. 3 of the Charter of the City of Cleveland Heights mandates that Council "shall provide *by Ordinance* the method and procedure for determining merit and fitness for employment and promotion in the classified service . . .." (Emphasis added.) Thus, the charter, by its terms, reserves and limits to council to provide by ordinance the procedure for determining promotion in the classified service.

Council cannot by ordinance divest itself of the power conferred upon it by the City Charter. *Bauman v. State, ex rel. Underwood* (1930), 122 Ohio St. 269, 270. Furthermore, no ordinance can conflict with the provisions of a city charter to be effective. *Reed v. Youngstown* (1962), 173 Ohio St. 265. Where an ordinance is in conflict with a charter provision, the charter prevails. *Gallagher v. City of Cleveland* (1983), 10 Ohio App. 3d 77.

In the present case, council enacted an ordinance which delegates to the City Civil Service Commission the power to provide by rules and regulations the basis for appointment and promotion in the classified service. Cleveland Heights Codified Ordinances Sections 137.09 and 137.17.[1] Pursuant to this ordinance, the Civil Service Commission promulgated Rule IV, Sec. 10(i), which reads in pertinent part:

"When an examination for promotion in the Divisions of Police and Fire has been completed and upon receipt of notice from the appointing authority that a vacancy exists in a particular rank the commission shall certify to such appointing authority, the three name graded highest on the appropriate eligible list. *Such appointing authority shall thereupon appoint one of the three so certified to fill the office \*\*\*. No name shall be certified more than twice to the same appointing authority for promotion from an eligible list,* except on the written request of such authority." (Emphasis added.)

The City promulgated its "one of three" rule, which resulted in appellee being removed from consideration for promotion after being passed over twice and not having been recertified a third time. The "one of three" rule used by the City to determine who is promoted was never adopted by ordinance by the council as required by the charter. Thus, it is ineffective. The charter clearly requires council to provide by ordinance the procedure for determining promotion' in the classified service. Council's attempt to delegate this power to the Civil Service Commission is contrary to law and the charter, and, as such, the "one of three" rule has no legal effect. *See, Bauman, supra.*

City Codified Ordinance Section 137.08 mandates that where the charter and ordinances are silent, as here, the provisions of Ohio statutes govern. Ohio Revised Code Sections 124.45, 124.46, 124.47 and 124.48 outline the procedure to be used in the promotion of firemen. R.C. 124.46 and 124.48 state that after a competitive examination has been had, an eligibility list shall be made and used to certify the person having the highest position on the list. That person, and subsequent persons, shall be appointed within ten (10) days. Further, the list shall be used for two (2) years to fill subsequent vacancies as they occur.

Therefore, appellee has a "legitimate claim of entitlement to" be promoted to the position of Fire Lieutenant because of his rank on the promotional list. *Roth,* 407 U.S. at 577. Appellee was ranked fourth highest on the list. The City promoted nine firemen to the position of Fire Lieutenant, but passed over appellee. If the City had applied the controlling state law here to fill the vacancies, appellee would have been guaranteed a promotion to Lieutenant. The City's use of the rule in contravention of the charter deprived appellee of a legitimate claim of "entitlement" to be promoted. *Id.* Thus, we conclude appellee had

a property interest in being promoted stemming from state law.

Appellants' argument that appellee failed to exhaust state remedies prior to bringing his 42 U.S.C. Sec. 1983 action, as required in *Parratt v. Taylor, supra,* is without merit. The Sixth Circuit Court has recently held:

"The rule in Parratt and Vicory, is clearly inapplicable "where the deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized conduct." *Hudson v. Palmer* (1983), 468 U.S. 517." *Watts v. Burkhart* (1988), 854 F.2d 839.

In the present case, the deprivation of appellee's property interest was a result of established city procedures. Therefore, exhaustion of state remedies was not required. Furthermore, it has been held in Ohio that exhaustion of administrative remedies is not required prior to obtaining relief pursuant to 42 U.S.C. Sec. 1983. *Gibney v. Toledo Bd. of Edn.* (1988), 40 Ohio St. 3d 152. Accordingly, Assignment of Error No. I is overruled.

## ASSIGNMENT OF ERROR II.
EVEN IF PLAINTIFF-APPELLEE COULD STATE A VIABLE 42 U.S.C. SEC. 1983 CLAIM, THE TRIAL COURT ERRED IN ISSUING A DECLARATORY JUDGMENT BECAUSE THE COURT LACKED JURISDICTION TO DO SO SINCE PLAINTIFF-APPELLEE FAILED TO SERVE THE OHIO ATTORNEY GENERAL WITH A COPY OF THE PROCEEDING AS REQUIRED BY O.R.C. SEC. 2721.12.

Appellant's argument that the court lacked jurisdiction because appellee failed to serve the Ohio Attorney General with a copy of the proceeding pursuant to R.C. 2721.12 is without merit. Appellee is not challenging the constitutionality of Cleveland Heights Codified Ordinance Section 137.17; thus, service of the attorney general was not necessary. R.C. 2721.12.

Assignment of Error No. II is overruled.

## ASSIGNMENT OF ERROR III.
ASSUMING, *ARGUENDO,* PLAINTIFF-APPELLEE CAN STATE A FEDERAL CONSTITUTIONAL DEPRIVATION, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR APPELLEE DECLARING THE APPELLANT CITY'S CIVIL SERVICE RULES AND REGULATIONS INVALID

BECAUSE CITY ORDINANCE 137.17 WHICH DELEGATES RULE-MAKING AUTHORITY TO THE CIVIL SERVICE COMMISSION IS A LAWFUL EXERCISE OF THE CITY'S HOME RULE POWERS UNDER THE CITY'S CHARTER AND THE OHIO CONSTITUTION.

As addressed previously in Assignment of Error No. I, this argument is without merit.

Assignment of Error No. III is overruled.

ASSIGNMENT OF ERROR IV.

THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BECAUSE THE DOCTRINE OF *RES JUDICATA* BARS PLAINTIFF FROM PROCEEDING WITH THIS ACTION.

Appellant argues the court of appeals' dismissal of appellee's mandamus action operated as res judicata. We disagree.

Appellee filed his complaint with the court of common pleas on August 1, 1985. On August 20, 1985, appellee filed a mandamus action in the Court of Appeals for Cuyahoga County, Case No. 50783. The mandamus action was dismissed, without a hearing and without opinion, upon motion of appellants. The motion to dismiss raised the argument that appellee had an adequate remedy at law in a pending lower court action.

The court of appeals did not have jurisdiction to proceed on the mandamus since an action was pending in the lower court which provided for an adequate remedy at law. *State, ex rel. Woodbury v. Spitler* (1974), 40 Ohio St. 2d 1. While the court did not state a reason for the dismissal, we interpret the judgment of the court of appeals as ruling that it lacked jurisdiction. Pursuant to Civ. R. 41(B)(4)(a), a dismissal for lack of jurisdiction over the person shall operate as a failure otherwise than on the merits; thus, the judgment is not res judicata. *State, ex rel. Schneider v. North Olmsted Bd. of Edn.* (1988), 39 Ohio St. 3d 281.

Accordingly, Assignment of Error No. IV is overruled.

ASSIGNMENT OF ERROR V.

THE TRIAL COURT ERRED IN GRANTING INJUNCTIVE RELIEF TO APPELLEE UPON SUMMARY JUDGMENT AND IN STRIKING THE CITY'S EVIDENCE IN OPPOSITION THERETO BECAUSE A GENUINE ISSUE OF FACT EXISTS AS TO THE EQUITY OF GRANTING SUCH RELIEF.

Appellant argues the trial court erred in granting appellee injunctive relief under 42

U.S.C. Sec. 1983. Appellant also alleges the trial court failed to adequately consider the defense of laches.

The grant or denial of injunction is solely within the trial court's discretion, and a reviewing court should therefore not disturb the judgment of the trial court in that regard absent a showing of clear abuse of discretion. *Garono v. State* (1988), 37 Ohio St. 3d 171.

As we previously discussed, appellee has a constitutionally-protected property interest in being promoted. Thus, we cannot find that the trial court abused its discretion in issuing a permanent injunction ordering the City to promote appellee.

To invoke the doctrine of laches, it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay. *Thirty-Four Corp. v. Sixty-Seven Corp.24* (1984), 15 Ohio St. 3d 350, syllabus two. We conclude that appellant has failed to allege how it was materially prejudiced by appellee's filing of a complaint one month after the eligibility list expired.

Accordingly, Assignment of Error No. V is overruled.

ASSIGNMENT OF ERROR VI.

THE TRIAL COURT ERRED IN AWARDING ATTORNEYS' FEES UNDER 42 U.S.C. SEC. 1988 AND, EVEN IF SUCH FEES WERE AWARDABLE, THE TRIAL COURT'S AWARD WAS EXCESSIVE.

The amount of attorney fees granted under 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 1988, if any, is within the sound discretion of the trial court. *McCann v. Coughlin* (C.A. 2, 1983), 698 F.2d 112, 129. After a review of the record, we find the trial court did not abuse its discretion in its award of attorney fees.

Assignment of Error No. VI is overruled.

ASSIGNMENT OF ERROR VII.

THE TRIAL COURT ERRED IN AWARDING BACK PAY (*SIC.*) AND SENIORITY.

ASSIGNMENT OF ERROR VIII.

THE TRIAL COURT ERRED IN AWARDING PREJUDGMENT INTEREST ON THE JUDGMENT.

Appellant argues that appellee had no right to back pay and seniority relying on *State, ex rel. Gibbons v. Cleveland* (1984), 9 Ohio St. 3d 216, 217 and *State, ex rel. Bardo v. Lyndhurst* (1988), 37 Ohio St. 3d 106. These cases are not controlling as to this federal claim because they involved only state causes of action and, thus, the courts were limited to state law remedies.

Appellee is entitled to collect compensatory damages pursuant to 42 U.S.C. Sec. 1983. *McCann v. Coughlin* (C.A. 2, 1983), 698 F.2d 126; *see, Lowary v. Lexington Local Bd. of Educ.* (N.D. Ohio 1988), 704 F. Supp. 1456, 1471. The supreme court in *Carey v. Piphus* (1978), 435 U.S. 247, held ". . . the basic purpose of a Sec. 1983 damages award should be to compensate persons for Injuries caused by deprivation of constitutional rights. In order to obtain compensatory damages, appellee must demonstrate that the constitutional deprivation caused him some actual injury. *Id.*

In the present case, the trial court awarded appellee actual damages representing the difference in the rates of pay between Lieutenant and Firefighter as of October 29, 1984, plus interest, as well as his seniority. Upon a review of the record, we find that appellee has demonstrated that this award will compensate him for being deprived of a constitutionally-protected property interest in being promoted to Fire Lieutenant.

Therefore, we conclude the trial court did not abuse its discretion in its award of back pay, plus interest thereon, and seniority because said damage award represents appellee's actual damages and is, therefore, permitted pursuant to 42 U.S.C. Sec. 1983.

Assignments of Error Nos. VII and VIII are overruled.

### CROSS-ASSIGNMENT OF ERROR I.
### WHETHER THE TRIAL COURT ERRED WHEN IT DID NOT LEAVE OPEN THE ISSUE OF ADDITIONAL BACK-PAY, COSTS, ATTORNEYS' FEES, ETC., SUBSEQUENT TO JANUARY 7, 1989.

Appellee/cross-appellant argues the trial court erred in not leaving open the issue of a further hearing on the issue of post-judgment damages, attorney's fees and costs.

As we have stated previously, a review of the record demonstrates that the trial court did not abuse its discretion in its award of attorney fees. *See, McCann v. Coughlin* (1983), 698 F.2d 112, 129.

Furthermore, this issue was not raised in the lower court. An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State v. Williams* (1977), 51 Ohio St. 2d 112.

Cross-Assignment of Error No. I is overruled.

### CROSS-ASSIGNMENT OF ERROR II.

### WHETHER THE TRIAL COURT ERRED WHEN IT DID NOT CORRECT THE TYPOGRAPHICAL ERROR IN ITS JUDGMENT, WHICH AWARDED ATTORNEYS' FEES UNDER 42 U.S.C. SEC. 1983 AND SEC. 1984, AS OPPOSED TO SEC. 1983 AND 1988.

We can find no evidence in the record that this alleged error was brought to the attention of the trial court. Therefore, we need not address an error which was not considered by the trial court. *State v. Williams* (1977), 51 Ohio St 2d 112.

Cross-Assignment of Error No. II is overruled.

*Judgment affirmed.*

MATIA, P.J., and STILLMAN, J., concur.

Sitting by Assignment, Robert D. Walker, Judge of the Hancock County Court of Common Pleas and Saul G. Stillman, retired Judge of the Eighth Appellate District.

---

[1] It should be noted that both of these ordinances expressly state they are subject to the limitations contained in the Charter.