DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, City of Twinsburg ("the City"), appeals the decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, Marcella Gaydosh. This Court affirms.
 I. {¶ 2} This case involves a dispute over which zoning code the City should be enforcing in its municipality. The two zoning codes at issue are Ordinance 87-1989 ("1989 Zoning Code"), and Ordinance 68-2000, otherwise known as the Unified Development Code ("UDC"). The 1989 Zoning Code was approved by Twinsburg's electorate on November 7, 1989. In 2000, the City, with the help of its planning commission, presented city council with amended legislation to enact the UDC. City council approved the UDC during its July 11, 2000 meeting and enacted Resolution 109-2000, which allowed the UDC to be submitted to Twinsburg's electorate on the November 7, 2000 ballot. The UDC was approved by a majority of those persons voting in wards three, four, and five. However, the UDC did not receive a majority vote in wards one and two. The City then adopted the UDC in wards three, four, and five, and left the 1989 Zoning Code in effect in the other two wards.
 {¶ 3} Appellee filed a relator's complaint for declaratory relief and injunctive relief on October 12, 2001, naming the City and Attorney General Betty Montgomery as respondents. Claims against the Attorney General were later dismissed. In her complaint, appellee sought a judgment declaring the UDC null and void as unlawful, unconstitutional, and in violation of the City's charter. Appellee also sought injunctive relief to halt the City's enforcement of the UDC, attorney's fees, and any other relief the trial court deemed just.
 {¶ 4} The City filed its answer on November 8, 2001. Appellee then filed a motion for summary judgment and the City responded by filing its own motion for summary judgment. Appellee filed a reply to the City's summary judgment motion and the case was set for a pretrial conference. On March 6, 2003, the trial court issued an order granting summary judgment for appellee and denying the same for the City.
 {¶ 5} The City timely appealed, setting forth two assignments of error for review. This Court will address both assignments of error together for ease of discussion.
 II. FIRST ASSIGNMENT OF ERROR
"THE COURT BELOW ERRED IN ITS DETERMINATION THAT THE CITY OF TWINSBURG IS ENFORCING TWO ZONING CODES."
 SECOND ASSIGNMENT OF ERROR
"THE COURT BELOW ERRED IN ITS DETERMINATION THAT LEGISLATION AMENDING THE ZONING CODE OF THE CITY OF TWINSBURG WAS NOT PROPERLY ENACTED."
 {¶ 6} In its two assignments of error, the City argues the trial court erred in granting summary judgment to appellee. Specifically, the City argues the trial court erred in its determinations that the City is enforcing two zoning codes and the legislation amending the zoning code of the City was not properly enacted. This Court disagrees.
 {¶ 7} Pursuant to Civ.R. 56(C), it is appropriate for a trial court to grant summary judgment when:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.)Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E).
 {¶ 8} An appellate court will review summary judgment de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. Like the trial court, the appellate court must view the facts in the light most favorable to the nonmoving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12. Any doubt must be resolved in favor of the nonmoving party. Id.
 {¶ 9} In her motion for summary judgment, appellee argued that the City is a chartered municipality and the electorate, via the City's charter, have reserved to themselves the power to vote on zoning changes submitted by city council. Appellee further argued that, when the UDC was put on the November 2000 ballot, it constituted a city-wide zoning change which triggered the charter's procedural requirement that the City must obtain a majority vote of the electorate as a whole and a majority vote of each of the five wards. Appellee argued that, because the UDC did not receive the majority vote in wards one and two, the City failed to obtain the necessary referendum approval to institute the UDC.
 {¶ 10} Appellee then argued that, although the UDC failed on the ballot, the City improperly enacted the UDC and enforced it in wards three, four, and five while it continued to enforce the 1989 Zoning Code in wards one and two. Appellee also argued that R.C. 713.06, Section 7A.01 of the City's charter, and the 1989 Zoning Code all clearly require the City to enforce a single zoning code; therefore, the City was illegally implementing two zoning codes.
 {¶ 11} In its motion for summary judgment, the City did not dispute that it is a chartered municipality. The City also did not dispute that it enacted the UDC in only wards three, four, and five because the UDC did not pass in wards one and two. However, the City argued it was not enforcing two zoning codes. It claimed that Section 7A.01 of its charter requires a majority vote both city-wide and within each ward only when a provision changes the use or classification of the zoning in all wards. The City proceeded to argue that the UDC was not a city-wide zoning change. Instead, it argued that certain provisions of the UDC did not entail changes in use or classification and that the City implemented those provisions city-wide; other provisions of the UDC which did entail changes in use or classification were only implemented in wards three, four, and five. The City argued that the UDC was valid legislation legally adopted by the city council.[1]
 {¶ 12} In her response to the City's motion, appellee stated the City admitted it is implementing the UDC in wards three, four, and five, while it is not implementing the UDC in wards one and two. Appellee argued these admissions supported her summary judgment motion as to the undisputed facts that the City is enforcing two zoning codes, the 1989 Zoning Code and the UDC, despite the fact the UDC failed to pass in wards one and two. Appellee argued the UDC issue failed on the ballot because the charter requirements for passage were not met; therefore the City violated R.C. 713.06, Section 7A.01 of the City's charter, and the 1989 Zoning Code by enacting the UDC.
 {¶ 13} R.C. 713.06 governs the division of a municipal corporation into zones, and provides, in relevant part:
"The planning commission of any municipal corporation may frame and adopt a plan for dividing the municipal corporation or any portion thereof into zones or districts[.]" (Emphasis added.)
Furthermore, the Ohio Constitution authorizes a city to draft and adopt a charter on its own initiative. Section 7, Article XVIII, Ohio Constitution. The City is a chartered municipality. Section 7A.01 of the City's charter governs the procedure required before the 1989 Zoning Code could be amended or replaced and provides, in relevant part:
"Any change in zoning classifications or districts, or in the uses permitted in any zoning use classifications or districts within the City of Twinsburg must first be submitted to the Planning Commission, for consideration and report. In the event the City Council should approve any of the preceding requested changes, upon the report of the Planning Commission, it shall not be approved or passed by the declaration of an emergency, and it shall not be effective, but it shall be mandatory that the same be approved by a majority vote of all votes cast of the qualified electors of the City of Twinsburg and of each ward in which theproperty so changed is located at the next scheduled election." (Emphasis added.).
 {¶ 14} Section 7A.01 of the City's charter specifically requires a majority vote from each of the five wards before any change in zoning use or classification can become effective in the City. Absent a finding that the City's charter is unconstitutional or invalid, any actions effecting a change in zoning use or classification must follow Section 7A.01 of its charter. See Bauman v. State (1930), 122 Ohio St. 269. It is clear to this Court that the UDC, constitutes a city-wide zoning change because it was designed to modify and modernize the 1989 Zoning Code as it pertains to zoning classification, subdivision development and other regulation of land use within the City. Moreover, it is undisputed that both wards one and two did not produce a majority vote with regard to the UDC. Therefore, according to the City's own charter, the UDC failed to pass because it did not receive a majority vote in all five wards. As a result, the UDC is not effective.
 {¶ 15} Nonetheless, the City enacted the UDC. In fact, it is undisputed that the City interpreted the outcome of the vote to mean that the UDC passed and became effective in wards three, four, and five. Subsequently, the City implemented the UDC in wards three, four, and five while continuing to implement the 1989 Zoning Code in only wards one and two. Consequently, this Court finds that no genuine issue remained with regard to the facts that the UDC was not properly enacted and the City enforced two different zoning codes among the five city wards.
 {¶ 16} In light of the above facts and the applicable law, this Court finds that summary judgment was properly granted in favor of appellee. Consequently, the City's two assignments of error are overruled.
 III. {¶ 17} Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, J., Batchelder, J. Concur.
[1] This Court notes that, within its brief, the City cites Ferrito v.Twinsburg, 9th Dist. No. 21210, 2003-Ohio-1302, to support its arguments that it was not enforcing two zoning codes and the UDC was properly enacted. However, Ferrito is not applicable in the City's case and res judicata is not an issue herein. The Ferrito case involved a voter's unsuccessful efforts to keep the UDC off the November 2000 ballot and this Court dismissed her appeal as moot because the election had past and the electorate had already voted on the issue. The instant appeal involves issues concerning the outcome of the November 2000 election and the legality of enforcing the UDC.