951 F.2d 291
 Carl Jay LANE, Plaintiff-Appellant,
v.
TOWN OF DOVER, OKLAHOMA, a Municipal corporation; W.D.
Kenyon, individually and as Mayor of the Town of Dover;
E.C. Colton, individually and as Trustee of the Town of
Dover; Clois Yarbrough, individually and as Trustee of the
Town of Dover; George Holt, individually and as Trustee for
the Town of Dover, Defendants-Appellees.
 No. 91-6167.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 24, 1991.
 
 Appeal from the United States District Court, for the Western District of Oklahoma; Layn R. Phillips, Judge.
 Michael Gassaway, Oklahoma City, Okl., for plaintiff-appellant.
 Andrew W. Lester, Laura Holmgren-Ganz and Jami J. Campisano, Lester, Bryant & Ganz, Oklahoma City, Okl., for defendants-appellees.
 Before LOGAN, MOORE, and BALDOCK, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Carl Jay Lane appeals from an order of the district court which granted defendants' motion for summary judgment. We affirm.
 
 
 3
 Plaintiff, former chief of police for defendant Town of Dover, Oklahoma, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff alleged wrongful termination from his position, deprivation of liberty and property interests without due process, denial of his equal protection and First Amendment rights, and a pendent wrongful discharge claim under Oklahoma's Governmental Tort Claims Act. The district court granted defendants' motion for summary judgment on the federal claims and dismissed the pendent state claim.
 
 
 4
 On appeal, plaintiff argues that the district court erred in holding that he was an at-will employee and, therefore, could be terminated "for the good of the service" pursuant to Okla.Stat. tit. 11, § 12-114. Plaintiff argues, based on his premise that he could only be terminated for cause, he had a property interest in his continued employment and was entitled to procedural due process prior to his termination. Plaintiff also argues that he had a liberty interest in his good name.
 
 
 5
 Upon review of the parties' briefs, the record as submitted on appeal, and the controlling law, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED for substantially the reasons stated in its opinion. See Lane v. Town of Dover, 761 F.Supp. 768 (W.D.Okla.1991).