Erwin D. PHILLIPS, Plaintiff–
Appellant,

v.

Loy CALHOUN, individually and in his official capacity as City Manager of the City of Sand Springs, Oklahoma; the City of Sand Springs, Oklahoma, Defendants–Appellees.

No. 91–5063.

United States Court of Appeals,
Tenth Circuit.

Feb. 11, 1992.

P. Thomas Thornbrugh of Hood, Thornbrugh & Raynolds, Tulsa, Okl., for plaintiff-appellant.

John H. Lieber of Eller & Detrich, Tulsa, Okl., for defendants-appellees.

Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.

BARRETT, Senior Circuit Judge.

This is an appeal from summary judgment granted by the district court in favor of Defendants.[1] Plaintiff brought this action under 42 U.S.C. § 1983 to redress the alleged violation of his Fourteenth Amendment rights[2] in connection with his termination as city attorney for the City of Sand Springs.

We review summary judgment determinations de novo. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). "We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c) and examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied." *Id.* While we view the record in the light most favorable to the party opposing summary judgment, "the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.*

The largely undisputed facts pertinent to the disposition of this case are thoroughly recited in the parties' briefs. Therefore, we shall only refer to particular matters as needed in the course of our analysis of the issues presented.

The primary issue raised by this case is whether Plaintiff had a cognizable property interest[3] in his employment sufficient to

---

* Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. In addition to the due process claim addressed herein, the complaint includes a conclusory allegation that Defendants' conduct violated Plaintiff's equal protection rights in an unspecified manner. Since the latter allegation was not subsequently fleshed out or substantiated by Plaintiff, evidently played no role in the summary judgment proceedings, and has likewise been neglected on this appeal, we deem it abandoned. *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir.1991) (under general rule,

issues not presented for district court consideration generally waived); *Bledsoe v. Garcia*, 742 F.2d 1237, 1244 (10th Cir.1984) (issue not raised on appeal waived).

3. The district court's Order recites that the parties agreed, among other things, that "there is no factual or legal basis for Plaintiff's claim for deprivation of liberty without due process...." Brief of Appellant tab 1 at 2 n. 2. Plaintiff now insists "[he] never stipulated to these facts and submits that the record on appeal does not establish said 'agreement.'" Brief of Appellant at 35. While our record may be insufficient for a close review of the matter, the responsibility for—and consequences of—that omission fall on Plaintiff, who challenges the district court's ruling. *See generally McEwen v. City of Norman*, 926 F.2d 1539, 1550 (10th Cir.1991). Moreover, the record we have shows the following self-described "concession" to be Plaintiff's only re-

trigger due process protections. *See Carnes v. Parker*, 922 F.2d 1506, 1509 (10th Cir.1991). The potential sources cited for such an interest include the Sand Springs City Charter (Charter), City Code (Code), and City Policy and Procedures Manual (Manual). The Charter provides generally for the removal of personnel "solely for the good of the service," Charter section 8–1, but also recognizes certain particularized protections for members of the "classified service," *id.* section 8–4, and grants the city council authority to pass "ordinance[s] or personnel rules [to] regulate personnel matters and provide for proper personnel administration," *id.* section 8–1. Pursuant to its authority, the city council enacted ordinances reflecting these Charter provisions, *see* Code sections 2–601, –603, and the city promulgated personnel policies fleshing out such matters as the procedural protections afforded personnel who face disciplinary action, including dismissal, *see* Manual part IV F.

The district court's straightforward analysis of this case proceeded through the following sequential steps. *See generally* Brief of Appellant tab 1. First, employment conditioned on such terms as "for the good of the service" does not, under applicable law, give rise to a cognizable property interest for due process purposes. *See Campbell v. Mercer*, 926 F.2d 990, 993 (10th Cir.1991) (citing *Hall v. O'Keefe*, 617 P.2d 196, 200 (Okla.1980)); *Lane v. Town of Dover*, 761 F.Supp. 768, 771 (W.D.Okla. 1991), *aff'd*, 951 F.2d 291, (10th Cir.1991). Second, under the Charter, only classified service personnel were afforded any additional safeguards or procedural protections with respect to their employment, and Plaintiff, as city attorney, was a member of the unclassified service, *see* Charter section 8–3(2)(b). Third, while Code section 2–617(B), (C) alters the corresponding terms of the Charter and thereby appears to accord the city attorney classified service status, the explicit, contrary provisions of the Charter must control. *See Graham v. City of Oklahoma City*, 859 F.2d 142, 146 (10th Cir.1988) (citing *Umholtz v. City of Tulsa*, 565 P.2d 15 (Okla.1977)). Finally, Charter section 8–3(4), which expressly contemplates the potential inclusion of "personnel in the unclassified *service* in the classification *plan*," does not permit a city council override of the Charter's classified service designations, as the underscored terms refer to completely different matters—"service" status reflects the basic nature of one's employment, while placement within the "plan" relates to one's position in the city pay scale. (The distinction roughly parallels that which obtains in federal employment between civil service status and placement within the government salary schedule.) Accordingly, Plaintiff "enjoyed no property right in his employment sufficient to create a federal due process claim under the Fourteenth Amendment." Brief of Appellant tab 1 at 6.

■ On appeal, Plaintiff first argues the district court erred "when it held that no genuine issue of fact existed as to whether or not the Plaintiff was a full-time employee or a part-time employee." Brief of Appellant at 15. This argument completely misses the mark, or, rather, takes aim at the wrong target. While the district court did mention in passing that Plaintiff had been designated as a part-time employee, *id.* tab 1 at 5, and it is true that part-time employment may also disqualify one for classified service status, *see* Charter 8–3(2)(e), the district court nevertheless plainly—and properly—relied on Charter section 8–3(2)(b) and Plaintiff's position as city attorney for its determination that he was unclassified. *See id.* tab 1 at 4 ("[i]t is clear and uncontested that under the terms of ... Section 8–3(2)(b), the city attorney is a member of the unclassified service"). Whatever factual dispute, if any, exists regarding Plaintiff's part-time status is

sponse to Defendants' Summary Judgment Motion on the liberty interest issue: "[Plaintiff] has no additional information outside the pleadings to substantiate his allegations in the Complaint." Brief for Appellant, Appendix (App.) tab 13 at 21. Unsubstantiated allegations carry no proba-

tive weight in summary judgment proceedings. *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir.1985); *see Applied Genetics Int'l, Inc.*, 912 F.2d at 1241 (nonmoving party cannot rest on pleadings). Further comment on this matter is unnecessary.

simply immaterial and thus irrelevant to the disposition under review. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (under materiality requirement of Rule 56(c), "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

■ Plaintiff maintains that even assuming the Charter initially categorized him as unclassified, Code section 2–617 subsequently effected his transfer into the classified service. We agree with the district court that any such transfer contrary to the terms of the Charter would be a nullity, even if attempted under color of the city council's ordinance authority.[4] *See Development Indus., Inc. v. City of Norman,* 412 P.2d 953, 956 (Okla.1966) (" '[t]he charter is an authority superior to an ordinance in a charter city' " (quoting *Bauman v. State ex rel. Underwood,* 122 Ohio St. 269, 171 N.E. 336 (1930))). *See generally State ex rel. Trimble v. City of Moore,* 818 P.2d 889, 898 (Okla.1991) ("the charter has the force of the City's fundamental law"). Plaintiff seeks to circumvent this principle by arguing that the Charter itself, i.e., section 8–3(4), authorized his transfer into the classified service by the city council. Plaintiff challenges the district court's contrary reading of this provision, which, as noted above, turned on the recognition of a distinction between the terms "classified service" and "classification plan," by arguing that the district court improperly relied for its conclusion upon the affidavits of two experts offered by Defendants. Plaintiff's challenge here is twofold.

■ First, he contends that these affidavits consisted of legal conclusions that should have been disregarded. While an expert may not state legal conclusions, "Fed.R.Evid. 704(a) allows an expert witness to testify in the form of an opinion or inference even if that opinion or inference

embraces an ultimate issue to be determined by the trier of fact." *A.E. ex rel. Evans v. Independent Sch. Dist. No. 25,* 936 F.2d 472, 476 (10th Cir.1991). The district court merely permitted the city's personnel director and his counterpart at Del City, Oklahoma, who has had considerable consulting experience in the preparation of personnel manuals and job classification plans for various Oklahoma municipalities, to offer their understanding of the customary meaning and usage of the terms in question. The use of experts to assist the interpretation of documents in this fashion is generally accepted, *see, e.g., Jeanes v. Henderson,* 703 F.2d 855, 861 (5th Cir. 1983); *First Nat'l State Bank v. Reliance Elec. Co.,* 668 F.2d 725, 731 (3d Cir.1981), and the testimony offered, which merely expressed each affiant's informed opinion concerning the real-world signification of the terms, did not violate the principle discussed in the *Evans* case. Consideration of this evidence was not an abuse of the district court's recognized discretion over the admission of expert testimony. *See generally Evans,* 936 F.2d at 476.

■ Plaintiff's second contention in this regard challenges the district court's conclusion that "Plaintiff has not provided the Court with any evidence or affidavits of persons qualified in matters involving municipal personnel administration in support of the position he urges [i.e., that "classified service" and "classification plan" are synonymous terms]," and therefore "has not provided any authoritative rebuttal of [Defendants'] position...." Brief of Appellant tab 1 at 4–5, 6. In response, Plaintiff cites his own deposition testimony and affidavit as expert rebuttal evidence the district court improperly overlooked. Defendants counter by pointing out that the affidavit does not even address the interpretation issue and the deposition testimony was never offered below by Plaintiff in opposition to the expert evidence submitted by Defendants. While, inasmuch as it was

---

**4.** A fortiori, the personnel policies adopted in the city's employment Manual could not alter the terms of the Charter without express authorization, *see Graham,* 859 F.2d at 146, which was not granted here. *See* Charter section 8–1

("[t]he council, *consistently with this charter,* by ordinance or personnel rules, may regulate personnel matters and provide for proper personnel administration") (emphasis added).

attached to Defendants' own summary judgment brief, the latter evidence may have been before the district court in a generic sense, it was never relied upon by Plaintiff, much less proffered by him, as it is now, as *expert* testimony in rebuttal of the opinions expressed by Defendants' experts (and nothing in the cited testimony establishes or represents itself as such). Accordingly, we deem the point waived. *See Hicks,* 928 F.2d at 970.[5]

We note here the pertinent additional point that where the Charter clearly contemplates a discretionary transfer out of the unclassified service (for part-time employees), it properly specifies the result as "place[ment] in the *classified service.*" Charter section 8–3(2)(e) (emphasis added); *see also id.* section 8–3(3) (providing for potential transfer out of classified service and properly identifying resulting placement as "in the *unclassified service*" (emphasis added)). In light of the deficiencies in Plaintiff's evidentiary showing on the matter and the textual support for the opinions expressed by Defendants' experts, we conclude that the district court did not err in determining this issue in Defendants' favor on summary judgment. *See Hurd v. American Hoist & Derrick Co.,* 734 F.2d 495, 500–01 (10th Cir.1984) (judgment as matter of law (directed verdict) properly entered on basis of unchallenged expert testimony).

■ Next, Plaintiff argues that the phrase, "for the good of the service," used in Charter section 8–1 should not be read as creating an unprotected, at-will employment, because, as *all* city employees fall within that section, such a construction nullifies the rights clearly afforded classified service personnel pursuant to Charter section 8–4. Plaintiff misunderstands the import of the case law underlying the district court's holding on this point. *Mercer, Graham,* and *Hall* hold only that the quoted phrase does not *create* a cognizable interest in employment, not that it necessarily

*precludes* recognition of such an interest where additional, meaningful limitations on the employer's authority in this regard are also imposed. Thus, in *Bailey v. Kirk,* 777 F.2d 567 (10th Cir.1985), this court held that an employee covered by the same Sands City Charter had a protected interest in his position precisely because he was entitled to the safeguards of the classified service. *Id.* at 573–75. Once the true significance of the *Mercer–Graham–Hall* line of cases is appreciated, it is clear that they do not render the Charter provisions considered here self-defeating, nor do they entail any inconsistency with *Bailey.*

■ Plaintiff seeks to distinguish *Mercer, Graham,* and *Hall* by pointing out that he had an established right in a municipal pension, a matter those cases did not address. Since Plaintiff does not assert that he lost any earned pension benefits, his claim appears to be that an at-will employment otherwise unentitled to constitutional protection (under the cited authorities) still implicates due process guarantees where termination carries with it the loss of a prospective opportunity for continuing participation in a pension plan. *See generally* Brief of Appellant at 31–33. Adoption of such a rule would seem to have wide-ranging disruptive consequences, precluding the availability of pension plans in all at-will employment relationships (or, conversely, precluding the creation of such heretofore common relationships whenever pension plans are offered by the employer). In any event, we decline to consider the matter, because it was not raised before the district court (Plaintiff only mentioned the pension plan below to refute the part-time nature of his employment, *see* App. tab 13 at 7–10), *see Hicks,* 928 F.2d at 970, and Plaintiff's appellate position has not been even minimally supported by legal argument or authority, *see Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("[a] litigant who fails

---

5. We likewise need not consider the admissibility or potential probative value of the testimony as a lay opinion under Fed.R.Evid. 701, *see Randolph v. Collectramatic, Inc.,* 590 F.2d 844, 846 (10th Cir.1979) (explaining requirements and limited scope of Rule 701), as Plaintiff has never invoked such an argument here or below. *See Hicks,* 928 F.2d at 970; *Bledsoe,* 742 F.2d at 1244.

to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.").

■ Plaintiff also asserts that, unlike the defendants in *Mercer, Graham,* and *Hall,* Defendants here acted for unidentified "political reasons" and violated certain city charter and ordinance provisions prohibiting city council interference in connection with his termination. *See* Brief of Appellant at 26, 32. However, noncompliance with local law does not constitute a violation of federal due process rights, *see Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 467 (7th Cir.1988); *Smith v. City of Picayune,* 795 F.2d 482, 487–88 (5th Cir.1986), and Plaintiff does not even suggest how his conclusory allegation of political intrigue supports his due process claim.

Finally, Plaintiff concludes his opening brief by disputing the district court's statement that he had agreed to abandon two additional claims asserted solely against Defendant Calhoun (a third claim involved in this confusion, relating to Defendants' alleged deprivation of his liberty interests, has already been dealt with *supra* n. 1). Since Plaintiff's disaffirmation is not, in any event, followed by any argument on the merits of the claims involved, we deem them waived under the general rule that even issues designated for review are lost if they are not actually argued in the party's brief. *See Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1231 (10th Cir. 1990); *see, e.g., Jackson v. University of Pittsburgh,* 826 F.2d 230, 237 (3d Cir.1987) (inclusion of conclusory reference to issue on final page of appellate brief without further elaboration insufficient to put issue before court of appeals), *cert. denied,* 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988); *Jungels v. Pierce,* 825 F.2d 1127, 1130 (7th Cir.1987) (issue mentioned but not developed with supporting argument waived).

Plaintiff has failed to preserve, present, and establish any reversible error in the proceedings below. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.