13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricia GALLEGOS, Plaintiff-Appellant,
v.
DENVER, CITY OF, Federico Pena, William Roberts, David
Miller, Kathy Archuleta, Allegra Haynes, Kevin Marchman,
Larry Fullerton, John Mrozek, Ruth Rodriguez, Michael
Musgrave, Randy Alexander, Ron Younger, George Doughty, Defendants,
and
King HARRIS, Defendant-Appellee.
 No. 93-1143.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1994.
 
 1
 Before MOORE and BRORBY, Circuit Judges, and VRATILLLL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Patricia Gallegos appeals the district court's grant of summary judgment to defendant-appellee King Harris on her claim that he violated her civil rights under 42 U.S.C.1981 in regard to her termination from her position as a nontenured political appointee of former Denver Mayor Federico Pena. Plaintiff originally brought this action against defendants City and County of Denver, Mayor Pena, various city officials, and Mr. Harris, a Denver businessman, claiming civil rights violations under 42 U.S.C.1981, 1983, 1985(3), and 2000d, as well as several state law claims. The factual and procedural background of this case is set forth in detail in this court's previous opinion, Gallegos v. City & County of Denver, 984 F.2d 358 (10th Cir.), cert. denied, 113 S.Ct. 2962 (1993) (Gallegos I ), and only will be repeated here as needed for clarity.
 
 
 4
 In Gallegos I, this court reversed the district court's denial of defendants' motion for summary judgment and remanded the matter with directions to the district court to enter summary judgment for defendants based on qualified immunity. Id. at 364. Although Mr. Harris was a named party in plaintiff's complaint, and his motion for summary judgment was originally denied by the district court, he was not a party to the previous appeal. See id. at 361 n. 3.[2]
 
 
 5
 Upon remand, the district court issued an order to show cause as to why summary judgment also should not be granted to Mr. Harris. Following plaintiff's response, the district court entered summary judgment for Mr. Harris based upon this court's conclusion in Gallegos I that, because plaintiff could not maintain a 1981 claim for discriminatory discharge against the other defendants, see id. at 362, plaintiff did not have a 1981 claim against Mr. Harris. The district court further held that plaintiff cannot maintain a 1983 claim against Mr. Harris because there was no proof that Harris engaged in any constitutional violation which would have given rise to liability as a private individual. Lastly, the court determined that plaintiff failed to establish that Mr. Harris entered into any discriminatorily motivated conspiracy to deprive plaintiff of equal protection in violation of 1985(3). From her arguments, it appears that plaintiff only appeals the district court's decision on her 1981 claim.
 
 
 6
 Our review of summary judgment is de novo. We apply the same legal standard used by the district court, namely Rule 56(c) of the Federal Rules of Civil Procedure. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence in the light most favorable to the party opposing summary judgment. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 7
 The nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party must go beyond the pleadings and by affidavits or " 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(c) and (e)).
 
 
 8
 Initially we address Mr. Harris' argument that plaintiff is collaterally estopped from asserting her claims against him because those claims were previously litigated and decided in Gallegos I. "Collateral estoppel, or issue preclusion, is a judge-made rule that prevents relitigation of issues 'actually and necessarily determined' in a prior suit on a different claim, which involved a party to the subsequent litigation." Harvey ex rel. Blankenbaker v. United Transp. Union, 878 F.2d 1235, 1243 (10th Cir.1989)(quoting Montana v. United States, 440 U.S. 147, 153 (1979)), cert. denied, 493 U.S. 1074 (1990). Collateral estoppel is an affirmative defense that must be pleaded. Fed.R.Civ.P. 8(c); Blonder-Tongue Lab., Inc. v. University of Ill. Found., 402 U.S. 313, 350 (1971). The opposing party must be given notice and an opportunity to argue against the imposition of estoppel. Id. We can find no indication in the record that Mr. Harris pled collateral estoppel before the district court.
 
 
 9
 Therefore, we hold that Mr. Harris waived this defense by his failure to raise it in a timely fashion below. See Hirschfeld v. New Mexico Corrections Dep't, 916 F.2d 572, 578 n. 6 (10th Cir.1990); Harvey ex rel. Blankenbaker, 878 F.2d at 1243.
 
 
 10
 Plaintiff expends considerable time and effort in her brief arguing that the Civil Rights Act of 1991, as it effects the application of 1981 to claims of discriminatory discharge, should be applied retroactively. In Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 975 (10th Cir.1991), we held that the Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. 164 (1989) serves to preclude a claim for discriminatory discharge under 1981. Plaintiff contends that in light of the 1991 Act, this court's determination in Trujillo is incorrect. Congress did not address whether the 1991 Act should be applied retroactively, and this court has not yet spoken on the issue. However, as discussed below, because of plaintiff's failure to comply with the requirements of Fed.R.Civ.P. 56(e), we determine it unnecessary to reach the issue here.
 
 
 11
 Plaintiff did not submit affidavits, or identify depositions, answers to interrogatories, or admissions on file showing there is a genuine factual issue for trial. See Thomas, 968 F.2d at 1024 (holding that in order to withstand summary judgment, the nonmoving party must identify sufficient evidence "by reference to an affidavit, a deposition transcript or a specific exhibit").
 
 
 12
 Plaintiff failed to identify the required elements of a prima facie case of discrimination against Mr. Harris or to explain how her evidence satisfies those requirements. Plaintiff repeatedly cites us to her original complaint and the conclusory statements therein. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(holding that, in opposing a motion for summary judgment, a nonmoving party cannot rely solely on the allegations or denials in her pleadings). If the nonmoving party fails to make a showing with regard to any element of proof essential to her case, and on which she would bear the burden of proof at trial, the moving party is entitled to summary judgment because a nonmoving party's failure in this regard "renders all other facts immaterial." Celotex, 477 U.S. at 322-23. In light of the requirement that the nonmoving party go beyond the pleadings and provide other specific facts which would indicate that there is a genuine issue for trial, plaintiff did not carry her burden in opposing Mr. Harris' motion. See Celotex, 477 U.S. at 324; Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1418 (10th Cir.1993) ("Conclusory statements are insufficient to defeat a motion for summary judgment."); Thomas, 968 F.2d at 1024 (holding that allegations in a brief are insufficient to withstand a motion for summary judgment).
 
 
 13
 In addition, plaintiff failed to provide this court with the summary judgment briefs, or her response to the district court's order to show cause. See 10th Cir. R. 30.1.1, which incorporates R. 10.3. "[I]t is counsel's responsibility to see that the record on appeal is sufficient for consideration and determination of the issues on appeal." 10th Cir. R. 10.3. This court will not manufacture a party's arguments on appeal, see National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir.1989), and may dismiss a claim not properly argued, see Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir.1992).
 
 
 14
 Absent specific facts showing that there is a genuine factual issue for trial, Mr. Harris' motion for summary judgment was properly granted. Fed.R.Civ.P. 56(e); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991). Accordingly, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 Mr. Harris is a local businessman who apparently entered into construction contracts with the City and County of Denver. However, it has never been asserted that Mr. Harris is, or ever was, an employee of the City and County of Denver