28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 RESOURCE CONCEPTS, INC.; George Pingree, Dr.; Telegraph
Gold Corporation, Appellants,
v.
Jeffrey G. BANKS; Kenneth Caldwell; Coastal Computer
Investments; Elmer J. Davis; Harmatz and Hodowski, a
California partnership; David G. Henry; Roger A. Mann;
H.E. Moses; Robert A. Nickerson; Peter P. Samarin;
Herbert W. Stoltenberg; Edwin Stoltenberg; Chris Waugh;
Samuel Harmatz; Bernard Hodowski; Patricia Stoltenberg;
Mann Caldwell Partnership, a partnership; Delford R.
Ashley; George Slater; Patricia Slater; Robert Doub; Sam
Hambarian; Alyce Hambarian; Lionel Ascher; A.C. Nejedly;
R.E. Donahey; Grace V. Duncan; Elliot Weinberg, Appellees,
Yukio Ayabe; Harold Masunaga, Dr.; Estate of Marian
Harada; W. David Weston, Real Parties in Interest.
 No. 93-4142.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and BELOT,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellants, unsecured creditors of the estate, seek review of a district court order dismissing their appeal from the bankruptcy court's approval of a settlement agreement executed by appellees and the bankruptcy trustee. Citing a pattern of delays, procedural omissions, and rule violations, culminating in the unexcused absence of an appellate brief some seven months after expiration of the (already once extended) briefing period, the district court dismissed appellants' appeal for failure to prosecute. See App. Vol. V at 1804-09; App. Vol. I at 1-3. We review this decision solely for an abuse of discretion, Nielsen v. Price, 17 F.3d 1276, 1277, (10th Cir.1994), and, finding none, affirm.
 
 
 4
 The primary excuse offered by appellants for their delay in the district court relates to their unsuccessful efforts to supplement the appellate record. This is not a persuasive justification. We agree with the district court, see App. Vol. V at 1806-07, that, far from excusing appellants' procedural omissions, their attempt to augment the district court record with material the bankruptcy court had never been asked to consider was itself improper,[2] see Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1148 (10th Cir.1990) (appellate court may "only consider materials actually before the [trial] court"). Moreover, as appellants were responsible for any deficiencies in their designated record, they are essentially trying to excuse one dereliction of duty by reference to another. Finally, regardless of any dissatisfaction with the state of the record, an appellant still must timely brief his or her case if a request for extension of time on this basis is denied. Instead of attending to this primary appellate responsibility, plainly confirmed by the district court's order entered December 22, 1992, App. Vol. I at 101-02 (denying appellants' motion for extension of time to correct record and file brief), appellants simply ignored it for more than six months while they persisted in their arguments over the record.
 
 
 5
 We have reviewed all of the contentions asserted by appellants and have concluded they are without merit. The district court's dismissal of their negligently prosecuted appeal reflects a sound exercise of its discretion.
 
 
 6
 The judgment of the United States District Court for the District of Utah is Affirmed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Although appellants now argue the relevance of this material to the issues decided by the bankruptcy court, and insist that much of it was indirectly available to the bankruptcy judge, they do not dispute the crucial fact that it was not proffered or expressly relied on by them in the bankruptcy court. See Phillips v. Calhoun, 956 F.2d 949, 952-53 (10th Cir.1992) (while "evidence may have been before the [trial] court in a generic sense, [if] it was never relied upon by Plaintiff, much less proffered by him, as it is now [on appeal]," the matter is waived)