**Jonathan WILLIAMS, Petitioner–Appellant,**

v.

**Steve HARGETT, Respondent–Appellee.**

**No. 01–6157.**

United States Court of Appeals, Tenth Circuit.

April 17, 2002.

Before HENRY, ANDERSON, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT[*]

LUCERO, Circuit Judge.

Jonathan Williams appeals from the district court's order, dated April 5, 2001, denying his petition for habeas corpus relief, filed pursuant to 28 U.S.C. § 2254. Our jurisdiction over this appeal arises from 28 U.S.C. §§ 1291 and 2253. Under the provisions of § 2253(c)(1)(A), appellant must obtain a certificate of appealability before this court considers his appeal. To obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The district court did not grant appellant a certificate of appealability, which this court considers a denial. Pursuant to Fed. R.App. P. 22(b)(2), his notice of appeal is deemed a renewed application for a certificate of appealability.

Appellant raises five issues in his brief on appeal, all of which were considered and denied by the district court. He also renews his request for an evidentiary hearing with respect to his ineffective assistance of counsel claim, a request that the district court denied.

Our review of these issues, in connection with the determination whether appellant has met the standard for issuing a certificate of appealability, has been impeded by the lack of a sufficient appellate record and by appellant's inadequate brief. Appellant is represented by counsel, who bears the responsibility under the rules of this court to designate "a record on appeal that is sufficient for considering and deciding the appellate issues," 10th Cir. R. 10.3(A), including trial transcripts where

necessary to the court's review, 10th Cir. R. 10.1(A)(1). *See Green v. Johnson,* 977 F.2d 1383, 1387 (10th Cir.1992). Appellant's appendix contains only the magistrate judge's report and recommendation, the district court's order, appellant's notice of appeal, and the district court docket sheet. No copies of pleadings before the district court are included, and none of the state record, including trial transcripts, is provided, although it is clear that the full record was presented to and considered by the district court. At least two of appellant's issues on appeal—his claim of ineffective assistance of trial counsel due to conflict of interest and his claim of prosecutorial misconduct—require this court to review transcripts of appellant's underlying criminal proceedings. Where the evidentiary record before this court is insufficient to permit an assessment of appellant's arguments, the court must affirm. *Scott v. Hern,* 216 F.3d 897, 912 (10th Cir.2000).

We decline to consider the remaining issues because counsel's appellate argument is inadequate to trigger appellate review. Appellant's brief on these issues contains little more than conclusory statements of alleged error by the state court on direct review from appellant's conviction, *see Murrell v. Shalala,* 43 F.3d 1388, 1389 n. 2 (10th Cir.1994) (perfunctory complaints insufficient to invoke appellate review), largely unsupported by reference to applicable legal authority, *see Phillips v. Calhoun,* 956 F.2d 949, 953–54 (10th Cir. 1992) (stating litigants must support argument with legal authority). His appellate arguments wholly ignore the district court's and magistrate judge's thorough

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and well-reasoned analyses on point, *see SEC v. Thomas,* 965 F.2d 825, 826 (10th Cir.1992) (declining to review issues where appellant "failed in its burden to draw attention to the error below" (quotation omitted)), and largely fails to tie relevant facts in the missing record to his legal contentions, *see United States v. Rodriguez-Aguirre,* 108 F.3d 1228, 1237 n. 8 (10th Cir.1997). Finally, counsel has not identified where his arguments were raised below, as required by 10th Cir. R. 28.2(C)(2), nor has he provided the court with copies of briefs before the district court.

Accordingly, we decline to consider the arguments and issues raised on appeal. Appellant has not demonstrated the substantial denial of a constitutional right; his request for a certificate of appealability is **DENIED,** and this matter is **DISMISSED.**

