MURPHY, Circuit Judge,
concurring in the judgment.
I concur in the judgment but write separately to express my dissent to the approach taken by the majority in Part IIA. Like the majority, I question the constitutionality of the alleged policy of the Kansas City Police Department to conduct a sweep of every residence when executing an arrest warrant. That issue, however, is *1199 not before this court because Hauk does not raise it on appeal. Neither does Hauk argue that the officers’ professional judgment should be accorded something less than “due weight” because they acted pursuant to the alleged policy when they conducted the sweep. Although the majority purports to resolve both of these legal questions, it does so by engaging in fact-finding. Ultimately, however, the majority resolves this case without applying the rules it adopts, rendering the entire discussion of the issue dicta.
During the hearing on Mr. Hauk’s suppression motion, Detective Shomin testified that it was the policy of the Kansas City Police Department to routinely conduct a protective sweep when executing an arrest warrant. When the district court ruled on the motion, however, it clearly and repeatedly stated that its ruling was not based on the alleged policy,
[TJhere [were] statements made to the court in regards to the evidence specifically as they related to Detective Sho-min’s testimony in regards to whether or not there is some type of official or unofficial pattern or practice of the Kansas City, Kansas Police Department when they execute their arrest warrant. I would tell you, Mr. Hauk and Mr. Harris, that is not the issue before the court in this case.... So, the issue about this pattern and practice, this blanket exception is not before the court. The court is not going to rule one way or the other in regards to that pattern or practice legality.
Consistent with these statements, the court resolved the motion by concluding that the facts presented, together with the reasonable inferences that could be drawn from those facts, provided justification for the protective sweep. Accordingly, the court made no finding that a policy or practice exists, let alone a finding that the officers acted pursuant to any such policy.
Hauk focuses his appellate argument on his position that no specific, articulable facts existed to support the protective sweep. The bulk of his argument is directed toward challenging the officers’ reliance on the information contained in the anonymous tip which he asserts contains no predictive information that could be corroborated. As the majority points out, he also includes one sentence in his appellate brief, arguing that the sweep was therefore improper because it was based solely on “ ‘generalizations by [the officers] about drug offenders, their use of weapons, and their use of other people.’ ” Majority Op. at 1186 (quoting Appellant’s Br. at 13-14). He does not argue or provide any support for the position that the alleged policy is unconstitutional or that the professional judgment of the officers is not entitled to “due weight” because the sweep was conducted pursuant to the alleged policy. See Phillips v. Calhoun, 956 F.2d 949, 953-54 (10th Cir.1992) (holding that an appellate argument must be supported by legal argument and authority). He, instead, makes the broader argument that the evidence obtained from the search should be suppressed because “the search was based on the unparticularized suspicion and hunch that because the warrant was for a parole violation for a narcotics offense, someone else might be present in the house.” Appellant’s Br. at 13.
In resolving this appeal the majority first addresses the propriety of the alleged “practice” testified to by Detective Sho-min. Recognizing that the government did not base its argument on the alleged policy, the majority concludes that “[i]f the government were relying on the validity of the Kansas City policy to support this protective sweep, or if the subjective moti *1200 vations of the officers in undertaking the sweep were controlling, we would thus have to reverse this conviction.” Majority Op. at 1187 (emphasis added). It then proceeds to find both that a policy or practice actually exists and that “there is every reason to believe that the police engaged in the sweep of Mr. Hauk’s residence not because they believed they had reasonable suspicion of danger, but because they were executing a ‘general policy’ of conducting protective sweeps in the course of all arrests within a home.” Id. This appellate fact-finding is wholly inappropriate and contrasts sharply with the approach taken by the district court which declined to make any factual findings with respect to the alleged practice. Armed with these findings, the majority then embarks on an analysis of the weight to be given the officers’ professional experience and judgment in light of their reliance on the alleged policy. Although the majority concludes that the officers’ judgment is not entitled to “due weight,” it fails to articulate exactly the weight it should be given. But this omission is of no consequence, since the majority then resolves the issue before this court without applying the new rule it needlessly crafts.
Because I agree with the majority’s ultimate conclusion, reached without any reliance on the dicta, that “the facts in this case supported each element required to justify a protective sweep,” I concur in the judgment.