FILED
United States Court of Appeals
Tenth Circuit

April 18, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOHN ROBERT PFUETZE,

        Plaintiff - Appellant,

   v.

STATE OF KANSAS; WORKFORCE
ALLIANCE OF SOUTH CENTRAL
KANSAS; MILDRED D. RICKS;
TONYA REED; LINDA S.
SORRELL; KEITH A. LAWING;
WICHITA POLICE DEPARTMENT;
EDWARD G. NAASZ, Officer, a/k/a
Ed; MICHAEL K. O'BRIEN, Officer;
JOHN DOE 1, Officer; (FNU)
PHELPS, Lieutenant or Sergeant;
(FNU) JACKSON, Guard; W. D.
STANLEY, Guard; JOHN DOE 2,
Guard; SEDGWICK COUNTY
SHERIFF'S DEPARTMENT; JANE
DOE 1, Deputy; CHEROKEE
COUNTY; CHEROKEE COUNTY
SHERIFF'S DEPARTMENT; JANE
DOE 2, Nurse; JOHN DOE 4, Guard;
CITY OF WICHITA, KANSAS; JAN
JARMAN, City Prosecutor; TED R.
GRIFFITH, Assistant City Attorney
and Acting Prosecutor; MARY
MCDONALD; GARY REBENSTORF;
(FNU) BARTON, Guard; RICHARD
ROEL; SEDGWICK COUNTY;
BRUCE SMITH, Deputy, Sedgwick
County Sheriff's Department; JOE
SIMONS, CPL, a/k/a (FNU) Simons,

        Defendants - Appellees.

No. 10-3278

(D. Kansas)

(D.C. No. 6:10-CV-01139-CM-GLR)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

John Robert Pfuetze, proceeding pro se, filed in the United States District Court for the District of Kansas a confusing 94-page complaint listing 18 counts against 29 named defendants, apparently arising out of his arrest, prosecution, and incarceration on a bomb-threat charge that was eventually dismissed. The district court dismissed some parties because they are not suable entities and some claims because they are barred by either the Eleventh Amendment, qualified immunity, or the statute of limitations  In addition, the court "dismiss[ed] the action in its entirety on the basis that it fails to state a claim upon which relief can be granted." R., Vol. 1 pt. 2 at 359.

Mr. Pfuetze appeals the dismissal. His opening brief is as difficult to follow as his complaint. At times it complains about language in the district court's decision, but does not explain why that language matters; indeed, on one occasion he states that "[t]hese reading errors do not directly affect this appeal."

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Aplt. Br. at 5. Nevertheless, construing his brief liberally, as we must, *see Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010), we perceive two challenges to the dismissal: (1) the district judge had a "potential conflict of interest" because his records had been subpoenaed by a friend of Mr. Pfuetze, Aplt. Br. at 8, and (2) the district court erred in ruling that the complaint was untimely.

We readily reject the first challenge because it was not raised in district court and there is no evidence in the record that the district judge had any knowledge of Mr. Pfuetze's relationship to the person who allegedly subpoenaed the judge's records.

As for his second challenge, we need not reach it because Mr. Pfuetze does not contest the alternative grounds invoked by the district court for dismissing his complaint. In particular, the court ruled that all counts should be dismissed for failure to state a claim. By not addressing this ground, Mr. Pfuetze has waived his right to appeal the issue and thereby conceded that he has failed to state a claim. *See Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992) ("[I]ssues designated for review are lost if they are not actually argued in the party's brief."). Because his failure to state a claim is adequate ground to affirm the dismissal, it is irrelevant whether the court erred in dismissing on other grounds. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 877 (10th Cir. 2004).

To the extent that Mr. Pfuetze raises further arguments in his reply brief, we need not address them. *See United States v. Murray*, 82 F.3d 361, 363 n.3 (10th Cir. 1996) ("We decline to consider arguments raised for the first time in a reply brief.").

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge