FILED
United States Court of Appeals
Tenth Circuit

August 22, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ANTHONY J. BRODZKI,

Plaintiff-Appellant,

v.

TOPEKA POLICE DEPARTMENT,

Defendant-Appellee.

No. 11-3095
(D.C. No. 2:10-CV-02392-EFM-JPO)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

This appeal arises from an allegedly traumatic traffic stop in Topeka, Kansas.

Based on that traffic stop, Plaintiff Anthony Brodzki brought a pro se civil action against

the Topeka Police Department, pursuant to 42 U.S.C. § 1983. The district court granted

the defendant's motion to dismiss for lack of personal jurisdiction, and Brodzki timely

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed.  Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.[1]

## BACKGROUND

The facts of this case were discussed thoroughly by the district court and need not be recounted in full here.  A broad recitation of the facts will suffice: Brodzki claims that during a traffic stop in July of 2008, an officer from the Topeka Police Department assaulted him by standing between Brodzki and his car and by putting his large frame toward Brodzki.  This officer also drew a line in the dirt and told Brodzki that he could not cross the line, which made Brodzki feel like he was falsely imprisoned.  Finally, Brodzki claims that another officer put Brodzki's left hand behind his back, almost breaking it, and held it there for four minutes.  Eventually, the officers informed Brodzki that he could leave.

Based on this incident, Brodzki filed suit in the district court of Kansas, pursuant to 42 U.S.C. § 1983, against the Topeka Police Department, alleging violations of his

[1] Brodzki asserts a Fourth Amendment violation for the first time before this Court. Despite the liberal construction we afford pro se pleadings, this Court has long held that "we generally do not consider new theories on appeal—even those that fall under the same general category as one that was presented in the district court."  Utah Animal Rights Coal. v. Salt Lake Cnty., 566 F.3d 1236, 1244 (10th Cir. 2009); see also Tele-Commc'ns, Inc. v. Comm'r, 104 F.3d 1229, 1233 (10th Cir. 1997) ("[T]o preserve the integrity of the appellate structure, we should not be considered a 'second shot' forum . . . where secondary, back-up theories may be mounted for the first time."). Therefore, we will not address Brodzki's Fourth Amendment argument.  Brodzki also asserts at one point in his brief "gross misconduct" without any citation to legal authority or the record in this case.  We will also not consider such a conclusory argument.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840–41 (10th Cir. 2005) (concluding that a pro se appellant's argument was waived because it consisted of "mere conclusory allegations with no citations to the record or any legal authority for support").

civil rights, false imprisonment, and intentional infliction of emotional distress. Brodzki sought $78,000 in damages. The Topeka Police Department filed a motion to dismiss, arguing that the district court lacked subject matter jurisdiction; that the district court also lacked personal jurisdiction; and that Brodzki failed to state a claim for which relief could be granted. The district court concluded that it did not have personal jurisdiction over the Topeka Police Department and also that Brodzki failed to state a claim for which relief could be granted. Therefore, it granted the motion to dismiss.

## ANALYSIS

We review the district court's dismissal for lack of personal jurisdiction de novo. Benton v. Cameco Corp., 375 F.3d 1070, 1074 (10th Cir. 2004). Because Brodzki appears pro se, we hold his pleadings and other papers to a less stringent standard than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Pursuant to Federal Rule of Civil Procedure 17(b), the capacity of a party to be sued in federal court is to be determined by "the law of the state where the court is located." Fed. R. Civ. P. 17(b). Thus, we look to Kansas law. It is well-established in Kansas that subdivisions, agencies, or departments of governmental entities do not have the capacity to sue or be sued in the absence of a statute providing otherwise. See Hopkins v. State, 702 P.2d 311, 316 (Kan. 1985) ("There is a line of Kansas cases which holds that subordinate government agencies do not have the capacity to sue or be sued in the absence of statute."); Dellinger v. Harper Cnty. Social Welfare Bd., 124 P.2d 513, 517 (Kan. 1942) (establishing that subordinate governmental agencies do not have the

3

capacity to sue or be sued in the absence of a statute providing otherwise); see also

Pfuetze v. Kansas, No. 10-1139-CM-GLR, 2010 WL 3892243, at *5 (D. Kan. Sept. 29,

2010) (citing Hopkins and concluding that no Kansas statute gives the Wichita Police

Department the capacity to sue or be sued), aff'd, 420 F. App'x 854 (10th Cir. 2011).

Brodzki fails to cite and we have failed to find any statute that confers Brodzki with the

capacity to sue the Topeka Police Department under these circumstances.  Therefore, the

district court was correct to conclude that it did not have personal jurisdiction over the

Topeka Police Department.[2]

## CONCLUSION

Accordingly, we AFFIRM the district court's order granting the defendant's

motion to dismiss.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge


---

[2] Because we agree with the district court's conclusion concerning personal jurisdiction,
we need not address whether Brodzki failed to state a claim for which relief could be
granted.

4