**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PATRICK RYAN,

     Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; CALIFORNIA
DEPARTMENT OF CORRECTIONS
AND REHABILITATION; KEITH
IVENS,

     Defendants - Appellees.

No. 17-6057
(D.C. No. 5:16-CV-00205-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] California prisoner Patrick Ryan appeals the district

court's order disposing of his 42 U.S.C. § 1983 claims based on Ryan's alleged

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se filings. But we won't act as an advocate for pro se litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

failure to exhaust his available administrative remedies. *See id.* § 1997e(a). We affirm.

# I

Ryan brought suit against Corrections Corporation of America (CCA), the California Department of Corrections and Rehabilitation (CDCR), and CCA employee Keith Ivens (collectively, the defendants), alleging deliberate indifference under § 1983. The defendants moved to dismiss, arguing that Ryan failed to first exhaust his available administrative remedies. *See* § 1997e(a) ("No action shall be brought with respect to prison conditions under [§ 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). In support, the defendants provided affidavits indicating that Ryan failed to comply with CDCR's grievance policies. *See Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009) (describing California's "multi-tiered administrative scheme for inmate grievances"). The magistrate judge agreed that Ryan failed to exhaust all available administrative remedies and recommended granting the defendants' motion.[2]

Ryan lodged several objections to the magistrate judge's report and recommendation. Before ruling on them, the district court concluded that the

---

[2] The magistrate judge also recommended denying Ryan's motion to transfer, and the district court ultimately adopted that recommendation. In a single sentence in his opening brief, Ryan asks us to reverse that portion of the district court's order. But he provides no argument as to why we should do so. Because "such perfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review," we decline to address this issue. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

magistrate judge had properly converted the defendants' motion to dismiss into a motion for summary judgment. *See Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir. 1995). The district court then overruled Ryan's objections, adopted the magistrate judge's report and recommendation, and entered judgment for the defendants. Ryan appeals.

**II**

At the outset, Ryan suggests that the magistrate judge impermissibly converted the defendants' motion to dismiss into a motion for summary judgment without notifying him first. *See* Fed. R. Civ. P. 56(f). But the district court expressly concluded that the magistrate judge's September 6, 2016 order provided the parties with adequate notice of the conversion. And Ryan neither acknowledges the district court's ruling on this point nor "explain[s] to us why [it] was wrong." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Thus, we assume the magistrate judge provided Ryan with sufficient notice and review the district court's order granting summary judgment to the defendants de novo, resolving all factual disputes and drawing all reasonable inferences in Ryan's favor. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1138 (10th Cir. 2005).

In challenging that order, Ryan first argues that the district court erred in failing to accept as true his complaint's assertion that he "exhausted all available remedies." R. vol. 1, 30. But Ryan appears to be laboring under the misapprehension that the district court was proceeding under the standards that apply to a motion to

dismiss. Instead, because the magistrate judge converted the defendants' motion to one for summary judgment, the district court correctly noted that Ryan was "required to rebut [the defendants'] evidence that he failed to exhaust administrative remedies" with evidence of his own. *Id.* at 181; *see also Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings." (quoting *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992))). Accordingly, the district court didn't err in declining to accept as true the unsupported allegations in Ryan's complaint.

Next, Ryan argues that the district court erred in relying on the *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317, 318–19 (10th Cir. 1978) (describing process by which district court may order prison officials to conduct investigation and prepare report so as "to enable the trial court to decide . . . preliminary issues including those of jurisdiction"). But Ryan doesn't address the district court's ruling that he waived this argument below by failing to timely object when the magistrate judge initially directed the defendants to prepare the report. *See* Fed. R. Civ. P. 72(a) (requiring party to object to magistrate judge's order within 14 days; explaining that "[a] party may not assign as error a defect in the order not timely objected to"); *Nixon*, 784 F.3d at 1369 (affirming because appellant's "opening brief contain[ed] nary a word to challenge the basis of" the district court's decision). And in any event, we see no indication that either the magistrate judge or the district court relied on the *Martinez* report in a manner that prejudiced Ryan. The magistrate judge referred to that report only in a footnote that discussed Ryan's medical records. And the district

4

court didn't address the report at all, other than to say that Ryan waived any challenge to it. Thus, any error—assuming one occurred—was harmless. *See Palmer v. Hoffman*, 318 U.S. 109, 116 (1943) (explaining that litigant "who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted").

Ryan next presents various factual allegations that, if true, might conceivably support an argument that any administrative remedies he failed to exhaust weren't "available" to him. § 1997e; *see also Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016) (listing "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief"). The problem is that Ryan doesn't point to any evidence in the record that might support these factual allegations. *See* Fed. R. App. P. 28(a)(8)(A) (requiring argument section of appellant's opening brief to contain "citations to the . . . parts of the record on which the appellant relies"). Accordingly, they don't provide a basis for reversing the district court's judgment.[3] *See id.*; *Self*, 439 F.3d at 1230.

Finally, Ryan suggests that he received ineffective assistance of counsel; he cites *Strickland v. Washington*, 466 U.S. 668 (1984), and argues that "if counsel had performed adequately, the result would have been different." Aplt. Br. 10; *see also Strickland*, 466 U.S. at 694 (holding that in order to demonstrate violation of Sixth

---

[3] For similar reasons, we decline to address Ryan's assertion that he "was denied timely and complete access to his C[entral] File," Aplt. Br. 10; Ryan fails to provide a record citation that might support this statement, *see* Fed. R. App. P. 28(a)(8)(A).

Amendment right to counsel, defendant must establish "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). But "as a civil litigant, [Ryan] has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Accordingly, this argument fails.

\*  \*  \*

We affirm the district court's order granting summary judgment to the defendants on Ryan's § 1983 claims. As a final matter, we construe Ryan's assertion that he had insufficient time to prepare his opening brief as a motion for an extension of time and deny that motion as moot.

Entered for the Court

Nancy L. Moritz
Circuit Judge

6