FILED
United States Court of Appeals
Tenth Circuit

August 1, 2018

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

DJUAN PRESTON WILLIAMS,

     Plaintiff - Appellant,

v.

SKF USA, INC.; LOCAL 1546 UNITED
FOOD AND COMMERCIAL WORKERS
INTERNATIONAL UNION, AFL-CIO-
CLC,

     Defendants - Appellees.

No. 18-6026
(D.C. No. 5:16-CV-00112-F)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Djuan Preston Williams, proceeding pro se, appeals the final judgment entered

after a jury reached a verdict against him on his hostile-work-environment claim

against his former employer, SKF USA, Inc. (SKF). We exercise jurisdiction under

28 U.S.C. § 1291 and affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Williams, who is black, experienced the following incidents while employed at SKF. On two occasions he heard racial epithets used by his coworkers, one of which was directed at him. On another occasion he discovered a sticker with a racial epithet on his car shortly after returning home from work. Another time he saw a racial epithet scrawled on a bathroom stall at work. He reported each incident to SKF. Unsatisfied with its responses, he brought this lawsuit, seeking to hold SKF liable for the racially hostile work environment he endured before he stopped showing up for work and was terminated.

Mr. Williams's hostile-work-environment claim was tried to a jury, which returned a verdict in favor of SKF. The district court allowed SKF to introduce evidence of Mr. Williams's post-employment arrest, detention, and conviction of a felony to rebut his demand for emotional distress damages.

Mr. Williams moved for a new trial on the grounds that (1) the verdict was against the weight of the evidence, (2) evidence about his felony conviction should not have been admitted, and (3) SKF's counsel made racially insensitive remarks during Mr. Williams's cross-examination and unjustifiably interrupted his counsel's closing statement.

The district court denied the motion, and this appeal followed.[1] Mr. Williams's opening brief seems to reiterate the arguments he made in his motion

---

[1] The district court granted Mr. Williams's motion to proceed in forma pauperis on appeal.

for a new trial.[2]  His cause is hindered substantially by the lack of a trial transcript. In its answer, SKF urges that we dismiss the appeal due to Mr. Williams's failure to obtain a transcript.  The deadline for filing a reply brief has passed, and Mr. Williams has neither filed a reply brief nor ordered a transcript.  We discern no basis for reversing the district court's judgment.

## II.  Analysis

Mr. Williams argues that the jury's verdict is against the weight of the evidence and that a witness for SKF committed perjury, but he points to no specific evidence to support these arguments.  "Arguments inadequately briefed in the opening brief are waived . . . ."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).  And without a trial transcript, we cannot review the evidence before the trial court and must affirm.  *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) ("Where the record is insufficient to permit review we must affirm.").

Mr. Williams also argues that the trial court abused its discretion by allowing the jury to hear about his felony conviction.  But he fails to support his argument with any relevant legal authority and has therefore forfeited it.  *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) ("A litigant who fails to press

---

[2] Because Mr. Williams is proceeding pro se, we liberally construe his pleadings, but we will not serve as his advocate by constructing arguments on his behalf or by searching the record.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

appoint by supporting it with pertinent authority . . . forfeits the point." (brackets and internal quotation marks omitted)).

Mr. Williams asserts that SKF's counsel committed misconduct without identifying any statements or conduct in support of this assertion. "When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it." 10th Cir. R. 10.3(B). Nor does Mr. Williams support his contention that the all-white jury made up its mind before deliberating. *See Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1281 (10th Cir. 2003) ("We . . . will not consider issues that are raised on appeal but not adequately addressed.").

## III. Conclusion

We affirm the district court's judgment. The district court granted Mr. Williams's motion to proceed without prepayment of costs or fees, and we remind him that he remains obligated to pay the filing fee in full. *See* 28 U.S.C. § 1915(a)(1).

Entered for the Court

Gregory A. Phillips
Circuit Judge